JOHN RYAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ryan v. Commissioner
Docket No. 17645-93
United States Tax Court
T.C. Memo 1994-386; 1994 Tax Ct. Memo LEXIS 395; 68 T.C.M. (CCH) 390; 94-2 U.S. Tax Cas. (CCH) P47,948; August 17, 1994, Filed *395 John Ryan, pro se. For respondent: Wendy S. Harris and Kevin Curran. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos, pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below. OPINION OF THE CHIEF SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's Motion for Summary Judgment. As explained in more detail below, we agree with respondent that summary judgment is warranted. Background
On May 10, 1993, respondent mailed a statutory notice of deficiency to petitioner determining a deficiency in and additions to his Federal income tax for the taxable year 1989 as follows: Addition to Tax
Accuracy-Related Penalty
Deficiency
Sec. 6651(a) Sec. 6662(b)(1) $ 23,359
$ 4,950
$ 4,672
*396 The deficiency is attributable to respondent's disallowance of unsubstantiated itemized deductions and expenses reported on Schedules A and C attached to petitioner's 1989 return and respondent's determination that petitioner failed to report $ 421 in taxable interest income. Petitioner invoked the jurisdiction of this Court by filing a timely petition for redetermination. [2] After filing an answer to the petition, respondent served petitioner (and filed with the Court) respondent's first request for admissions. In her request for admissions, respondent requested that petitioner admit that: (1) He did not incur the itemized deductions and expenses disallowed in the deficiency notice; and (2) he failed to report taxable interest income in the amount of $ 421. Petitioner did not respond to respondent's request for admissions. Accordingly, respondent filed a Motion for Summary Judgment seeking judgment in her favor with respect to *397 all disputed issues. Respondent bases her Motion for Summary Judgment on the matters deemed admitted pursuant to Rule 90(c) (resulting from petitioner's failure to respond to respondent's request for admissions) and petitioner's failure to adequately respond to the pending motion. A hearing was held on respondent's Motion for Summary Judgment in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument on the motion. Petitioner neither appeared at the hearing nor filed a written statement with the Court pursuant to Rule 50(c). [3]
Discussion
Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". *398 Rule 121(b); ; . Rule 121(d) states that: When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.
See . The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; . Pursuant to Rule 90(c), each statement set forth in a request for admissions served on *399 a party is deemed admitted unless a response thereto is served upon the requesting party within 30 days after service of the request. , affg. per curiam ; ; , affd. on another issue . Summary judgment is appropriate where the facts deemed admitted pursuant to Rule 90(c) support a finding that there is no genuine issue as to any material fact. . We agree with respondent that the issues pertaining to petitioner's liability for the deficiency and additions to tax in dispute are ripe for summary adjudication. In particular, petitioner is deemed to have admitted each of the factual allegations set forth in respondent's request for admissions. We note that respondent's request for admissions includes a statement advising petitioner that the allegations *400 set forth therein would be deemed admitted under Rule 90(c) if not specifically admitted or denied within 30 days of service of the request. Based on the record presented, and particularly petitioner's failure to communicate with the Court or to otherwise respond to respondent's motion, we conclude that petitioner has no intention of pursuing this matter further. The deficiency determined by respondent in this case arises from petitioner's failure to substantiate various itemized deductions and expenses reported on his 1989 tax return and petitioner's failure to report $ 421 in taxable interest income. The factual allegations deemed admitted by petitioner under Rule 90(c) establish that respondent's determinations with respect to these items are correct. Having examined all of the materials in the record, including the notice of deficiency, the pleadings, and the admitted facts, we hold that there is no genuine issue of material fact with respect to petitioner's liability for the deficiency and additions to tax determined by respondent. [4]
*401 Accordingly, respondent's Motion for Summary Judgment will be granted as to all issues. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time that he filed his petition, petitioner resided in Las Vegas, Nevada.↩
3. The Court notified the parties of the July 20, 1994, hearing and of the applicability of Rule 50(c) by a Notice of Hearing dated June 7, 1994.↩
4. We note that respondent's request for admissions does not address the issue of whether petitioner was delinquent in filing his 1989 tax return. However, a copy of the 1989 tax return, which was attached to respondent's motion, reflects that it was executed by petitioner on Sept. 1, 1991, executed by the preparer on Oct. 2, 1991, and stamped received on Oct. 2[illegible], 1991. Given petitioner's failure to respond to respondent's motion, we find that there are no material facts in dispute on the point, and, thus, we sustain respondent's determination that petitioner is liable for the addition to tax for delinquency under sec. 6651(a).↩